# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DANIEL JAMES SILVA,

    Plaintiff,

v.                                              Case No. 3:19-cv-354-J-32MCR

TAS RIGHTS MANAGEMENT, LLC,

    Defendant.

_____

## **O R D E R**

This case is the latest of four federal lawsuits in this district that pro se plaintiff Daniel James Silva has filed against the celebrity Taylor Swift and/or TAS Rights Management, LLC, a company related to her.[1] Plaintiff's three previous cases were dismissed; the last, with prejudice. Several motions are now pending in this case, including a motion to dismiss (Doc. 19). The Court construes plaintiff's motion to strike (Doc. 22) as a response to the motion to dismiss,[2] and has also considered his supplement to his amended complaint (Doc. 23) and his document titled "supplement" (Doc. 27), both of which include additional legal arguments against dismissal. Plaintiff is proceeding pro se, and the Court has therefore not held his filings to the

---

[1] In addition to this case ("Silva IV"), plaintiff filed Silva v. Swift, No. 3:17-cv-292-J-20MCR ("Silva I"); Silva v. Swift, No. 3:17-cv-814-J-34JRK ("Silva II"); and Silva v. TAS Rights Management, LLC, No. 3:18-cv-688-J-34JRK ("Silva III").

[2] The motion to strike (Doc. 22) includes both arguments for striking as well as arguments against dismissal.

same standard as those filed by lawyers, and has kept in mind that his pleadings must be construed in a manner which accords with substantial justice. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986).

Defendant moves to dismiss plaintiff's amended complaint for failure to allege any facts supporting personal jurisdiction, for failure to state a claim, and for seeking relief which is barred by law and by the doctrine of res judicata. In its motion, defendant also moves the Court to declare plaintiff a vexatious litigant.

Plaintiff has not alleged any basis to establish personal jurisdiction over the named defendant and the Court could dismiss the lawsuit on that ground under Federal Rule of Civil Procedure 12(b)(2). See, e.g., Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013) ("A plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.") (quotations and citations omitted). Notwithstanding this ground for dismissal, the Court prefers to address defendant's arguments which go to the merits.

When considering a motion to dismiss for failure to state a claim, the Court accepts all factual allegations as true and construes them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quotation and citation omitted).

Plaintiff's amended complaint (Doc. 6) fails to state a claim. While plaintiff includes a lengthy recitation about why he believes his earlier cases were wrongly decided, none of those allegations relate to the defendant named here—TAS Rights Management.[3] Further, to the extent he alleges that defendant engaged in a conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985, that effort fails too. The frivolous basis alleged to support that claim is that defendant's counsel filed a motion to dismiss one of plaintiff's earlier cases, and that the Court then granted it. This too seems unrelated to the named defendant and in any event, is not an actionable claim. See, e.g., Farese v. Scherer, 342 F.3d 1223, 1232 (11th Cir. 2003) (holding that an attorney's conduct which falls within the scope of the client's representation cannot support a § 1985 conspiracy); Hill v. Davis, No. CA 19-00287-JB-C, 2019 WL 1416476, *10 (S.D. Ala. Mar. 6, 2019) (dismissing as frivolous claim that judge and lawyer engaged in conspiracy under § 1985 based on their actions in an earlier case).

Even if any of the claims plaintiff alleges could somehow be reframed to allege a cause of action, the relief plaintiff seeks is unavailable. Plaintiff seeks to have a

---

[3] To the extent plaintiff claims that Judge Howard, defendant's lawyer or Taylor Swift (none of whom are defendants here) engaged in obstruction of justice and/or RICO violations based on their conduct in plaintiff's earlier lawsuits, even assuming those allegations were related to any conceivable civil claims, they are baseless and frivolous on their face and belied by the judicial record of those earlier cases.

3

website enjoined from selling certain products during the pendency of this lawsuit, but has not alleged any connection between that site and the named defendant, and has not made any part of the showing necessary to secure a preliminary injunction. See, e.g., Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (setting out four part test to secure preliminary injunctive relief). Plaintiff also seeks a declaratory judgment but the judgment he seeks has already been denied in another lawsuit, so is barred by res judicata. See Silva v. TAS Rights Mgmt., LLC, No. 3:18-cv-688-J-34JRK, Doc. 66 (order entered February 4, 2019 dismissing plaintiff's case with prejudice as a sanction); 19-10629-CC (11th Cir. Apr. 17, 2019) (dismissal of appeal for failure to prosecute). Plaintiff also seeks a three-judge panel but provides no basis for that request. See 28 U.S.C. § 2284.

The Court has considered all of plaintiff's filings and finds that further amendment would not cure the defects in this lawsuit and it therefore is due to be dismissed without leave to amend for failure to state a claim.[4]

Defendant also moves to have plaintiff declared a vexatious litigant. At this time, the Court is not prepared to go that far. Although plaintiff's communications with defendant's counsel have been harassing and threatening, his litigation efforts have not escalated to the point where the Court would take the extraordinary measure of barring him from filing further lawsuits.[5] See, e.g., Procup v. Strickland, 792 F.2d

---

[4] Plaintiff's frivolous motion for sanctions against defendant's counsel (Doc. 21) is denied.

[5] Nothing here should be taken as discouraging defendant or its counsel from contacting law enforcement as appropriate.

1069, 1073 (11th Cir. 1986) (en banc) (setting out standards for curbing abusive litigation which threatens the court's ability to carry out its functions).

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 19) is **granted,** but the Motion to Declare Plaintiff a Vexatious Litigant is **denied**.

2. This case is **dismissed** with prejudice for failure to state a claim. The Clerk shall terminate all other pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 13th day of May, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record
Pro se plaintiff